IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIMOTHY W. WILLIS                                              PLAINTIFF

      v.                             CIVIL NO. 14-2025

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Timothy Willis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

**I. Procedural Background**

Plaintiff protectively filed his applications for DIB and SSI on December 7, 2010, alleging an inability to work since July 1, 2010, due to "chronic obstructive pulmonary disease ("COPD"), back problems, sleep apnea, high blood pressure, high cholesterol, enlarged liver, and general medical problems." (Tr. 59, 255 ) For DIB purposes, Plaintiff's date last insured was December 31, 2014. (Tr. 59, 251). Plaintiff's claims were denied initially and on reconsideration. (Tr. 128-134, 138-141). An administrative hearing was held on July 23, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 77-123).

At the time of the hearing, Plaintiff was forty-five years of age and possessed a limited education. (Tr. 69). Plaintiff had past relevant work ("PRW") experience as a truck mechanic, service manager, farm mechanic, and farm laborer. (Tr. 68, 119-120).

By a written decision dated November 16, 2012, the Administrative Law Judge ("ALJ") determined Plaintiff had the following severe impairments: "disorder of his left knee, COPD, obstructive sleep apnea, obesity, and hypertension." (Tr. 61). After reviewing all of the evidence presented, however, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (Tr. 64-65). The ALJ found Plaintiff retained the residual functional capacity ("RFC") "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.067(a)." (T. 65). With the help of a Vocational Expert ("VE"), the ALJ determined Plaintiff could not perform his PRW. (Tr. 68-69). Based on the Medical-Vocational Guidelines ("Grids") rules 201.19 and 201.20, the ALJ determined there were a significant number of jobs in the national economy Plaintiff could perform. (Tr. 69). The ALJ then found that Plaintiff had not been under a disability during the relevant time period. (Tr.69).

Plaintiff requested a review of the hearing decision by the Appeals Council on December 31, 2012, which denied that request on December 27, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeals briefs, and the case is ready for decision. (Docs. 10, 13).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic

3

techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff argues on appeal that the ALJ (1) failed to adequately develop the record, (2) should have included depression as a severe impairment at step two, (3) erred in determining Plaintiff's RFC, and (4) erred by relying on the Grids.

The Court is concerned the ALJ incorrectly assessed Plaintiff's RFC and errantly relied on the Grids because Plaintiff's RFC was significantly diminished by a nonexertional limitation.

A review of the record shows Plaintiff suffered from COPD, and had sought treatment since 2007 for chest and breathing problems. (Tr. 353). Although Plaintiff was a smoker, and had made some strides to eliminate his smoking by substituting nicotine sources and taking Chantix. (Tr. 113). In September 2010, Plaintiff apparently "coughed so hard he passed out" and was transported to the emergency room. (Tr. 486-490). Plaintiff was diagnosed with COPD after a September 2010 CT of his chest, provided an inhaler and nebulizer, and referred to an pulmonologist. (Tr. 542-544). Plaintiff established treatment with Dr. Arturo Meade, a pulmonologist, who confirmed a COPD diagnosis and ordered additional testing. (Tr. 492-495).

After a sleep study in October 2010 indicated sleep disruption from respiratory problems, CPAP titration was prescribed. (Tr. 432-436). In November 2010, a spirometry test indicated he had a moderate airflow obstruction and small airways obstruction. (Tr. 542-544).

The State's non-examining consulting physician, Dr. Bill Payne, completed a physical RFC assessment in January 2011. (Tr. 513-516). Dr. Payne opined Plaintiff's RFC was light with environmental limitations and that he should avoid concentrated exposure to fumes, dust, odor, gases, and poor ventilation. (Tr. 516, 519). Dr. Payne's opinion was affirmed by Dr. Jim Takach in April 2011. (Tr. 532). A pulmonary function study in July 2011 indicated Plaintiff continued to have an airflow obstruction. (Tr. 620-621).

At the administrative hearing, the ALJ addressed Plaintiff's COPD stating, "Well, I'll agree with you on one thing. I think there is a real good argument that you can't work six days a week on a cattle farm in the heat with the dust and all." (Tr. 117-118). Later in the hearing, the ALJ posed a hypothetical of light work with environmental limitations to the VE, who responded there were several jobs Plaintiff could perform. (Tr. 120-121). A sedentary hypothetical was not posed to the VE by the ALJ.

In the written decision, the ALJ concluded Plaintiff had an RFC of sedentary work because of new evidence about Plaintiff's exertional limitations. (Tr. 65-66). The ALJ included COPD as a severe impairment and discussed Plaintiff's limitations from COPD, but explained, "given that sedentary work, by its very nature, would not normally involve concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc., the undersigned did not assess the claimant with environmental limitations." (Tr. 61, 67). The ALJ then found Plaintiff could perform other work in the national economy based on the Grids. (Tr. 68-69).

5

The Medical-Vocational Guidelines or the "Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases. *See Asher v. Bowen*, 837 F.2d 825, 827-28 (8th Cir. 1988). If a claimant suffers from a significant nonexertional impairment that diminishes that claimant's ability to perform a full range of work, then the ALJ may not rely upon the Grids. *Sanders v. Sullivan*, 983 F.2d 822, 823-24 (8th Cir. 1992). Instead, the ALJ must rely upon the testimony of a VE or other similar evidence to determine whether the claimant is disabled. *Id*. One example is a breathing or environmental restriction. *See Sanders*, 983 F.2d at 823 (holding that examples of nonexertional limitations include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions").

An ALJ may make a finding that a nonexertional impairment does not diminish a claimant's RFC to perform the full range of work, if the finding is supported by the record. *See Sanders*, 983 F. 2d. at 823-824 (Citing *Thompson v. Bowen*, 850 F.2d 346, 349-350 (8th Cir. 1988)). In this case, the ALJ's determination that sedentary jobs, by their nature, do not require exposure to environmental irritants was not based on substantial evidence. In *Asher*, the ALJ consulted the Grids to determine that a plaintiff with COPD was not disabled after concluding "the majority of sedentary jobs are performed in environments controlled so as to exclude polluted and intemperate air." 837 F.2d at 827. The Court reversed and stated:

> [The ALJ] improperly determined, without the benefit of further testimony such as that of a vocational expert, and without discussing or distinguishing the cases to consider this issue, that the majority of unskilled sedentary jobs in the national economy take place in a pollution-free environment. The [ALJ's] conclusion in this regard stands alone, with no evidence to support it, and is contradicted by his own regulations and the cases that

have considered this issue ... we cannot simply accept on faith the [ALJ]'s unsupported factual assertion that the sedentary workplace in America today is satisfactorily environmentally controlled. *Id.* at 828.

In this case, the ALJ recognized Plaintiff had a breathing limitation that could prevent him from working in areas with environmental irritants, but incorrectly concluded this nonexertional impairment was not significant. (Tr. 67 ). The law in the Eight Circuit is that an environmental limitation can affect a plaintiff's ability to perform sedentary work. Because the ALJ incorrectly determined Plaintiff's limitations from COPD were not significant, he improperly consulted the Grids. The ALJ should have accounted for Plaintiff's nonexertional limitations, and elicited testimony from a VE to determine which sedentary jobs Plaintiff could perform. *See Sanders*, 983 F. 2d. at 823-824.

Accordingly, the ALJ's decision was not supported by substantial evidence, and the case must be reversed and remanded. On remand, the ALJ is instructed to reassess Plaintiff's RFC, taking into account all of his impairments, and obtain a VE's testimony to determine if there are jobs Plaintiff can perform.

**IV. Conclusion:**.

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of February, 2015.

/s/ *Mark Ford*
HON. MARK FORD
UNITED STATES MAGISTRATE JUDGE